## Gahagan v. McKean County.

*Public officers—County commissioners—Discretion as to purchase of an automobile.*

1. If, in the judgment of the county commissioners, it is necessary for the proper administration of their duties that the county own an automobile, they may, in the exercise of a sound discretion, purchase one.

2. The discretion of the taxpayers as to the expenditures of county funds cannot be substituted for that of the county commissioners, who are elected by the people for the administration of county affairs.

Case stated. C. P. McKean Co., June T., 1917, No. 160.

*C. W. Shattuck*, for defendants.

BOUTON, P. J., Dec. 30, 1921.—From the facts agreed upon, it appears, *inter alia*, that the plaintiff was one of three County Commissioners of the County of McKean during the year 1916; that, as such county commissioners, the said commissioners were *ex-officio* Directors of the McKean County Poor District. That on or about May 1, 1916, the plaintiff, acting in conjunction with the other two county commissioners, bought for said County of McKean a Hudson Super Six Automobile for the sum of $1398, which said automobile was to be used by said county commissioners for conducting the business of the said County of McKean and for the said McKean County Poor District. That the automobile was paid for out of the county funds on May 10, 1916. That the county auditors, in auditing the accounts of the said commissioners for the year 1916, surcharged the plaintiff with one-third of the amount so paid for said automobile, to wit, the sum of $466, which report of the auditors was filed in the Court of Common Pleas of said county on April 28, 1917, at No. 113, June Term, 1917.

The plaintiff, O. S. Gahagan, appealed from the said auditor's report, in which he was surcharged the said sum of $466, to the Court of Common Pleas of McKean County on May 14, 1917, which appeal was entered in said court at No. 160, June Term, 1917. That the price paid for the said automobile was the usual and ordinary price for that make of car at the time it was bought. That the said county commissioners, in the discharge of their duties as such and as directors of the poor, were required to go about the county frequently on various errands, and at times to go beyond the limits of the county in the discharge of their official duties.

The sole question before us for our determination is the right of the county commissioners to purchase said automobile for the use of the county. We are not concerned with any errors of judgment on the part of the commissioners or the wisdom of their action in the purchase of said automobile. We are of opinion that if, in the judgment of the county commissioners, it was necessary for the proper administration of their duties that the county own an automobile, they were authorized by law to purchase the same. County funds are often expended by county commissioners in a manner and for purposes which might be criticised by taxpayers and which would be contrary to the judgment of others, but the discretion of the taxpayers as to the expendi-

tures of county funds cannot be substituted for that of the county commissioners, who are elected by the people for the administration of the county affairs.

In our opinion, under the facts in this case, the plaintiff should not have been surcharged by the auditors with one-third of the cost of said automobile.

And now, to wit, Dec. 30, 1921, judgment is directed to be entered in favor of the plaintiff.                    From E. G. Potter, Smethport, Pa.